```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

UNITED STATES OF AMERICA and    )
RICHARD J. HUCKER,              )
                                )
            Plaintiffs,         )
                                )
       v.                       )   Case No.  2:04 CV 415
                                )
LAKE COUNTY BOARD OF            )
COMMISSIONERS et al.,           )
                                )
            Defendants          )

## OPINION AND ORDER

This matter is before the court on the Motion for Protective Order filed by the plaintiff, Richard J. Hucker, on July 26, 2005. For the reasons set forth below, this motion is **GRANTED IN PART**.

### Background

This discovery dispute arises from a suit filed by the United States of America on behalf of Richard J. Hucker and the estate of Charles R. McInturf. Hucker is the former Executive Director of the Lake County Economic Development Department and President of the Lake County Economic Development Corporation, and McInturf was the former Deputy Director II of the Lake County Economic Development Department. The plaintiffs  allege that the Board violated the Fair Housing Act, 42 U.S.C. ß3601 *et seq*., by interfering with and retaliating against Hucker and McInturf because they aided or encouraged others in the exercise of rights granted under Section 804 of the Act, 42 U.S.C. ß3604.

On July 5, 2005, the Lake County Board of Commissioners served subpoenas on non-parties Verizon, SBC, Indiana Bell

Telephone, Nextel Communications, and Cingular Wireless seeking discovery of:

> [a]ny and all information including but not limited to current accounts and past accounts regarding Richard J. Hucker. . . and Harriet Hucker for the area code of "219", "312", "847", "630", "874", "773", or "708". Any and all phone records of incoming and outgoing calls during the period encompassing August 8, 1998 to October 1, 2004.
>
> Mot. Prot. Order, pg. 1.

On July 26, 2005, Hucker filed a Motion for Protective Order seeking to block the production of these records on the basis of privacy.

## Discussion

Federal Rule of Civil Procedure 26(b) allows discovery "regarding any matter, not privileged." Rule 26 was amended in 2000 "to narrow the scope of discovery to compel the parties to focus on discovering information that is relevant to their caseís claims and defenses" rather than simply relevant to the subject matter of the litigation. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 498 (S.D. Ind. 2003). Although this new relevancy standard remains broad, it does not license "fishing expeditions" into records that largely have no relevancy to the underlying litigation. *See* *Davis v. G.N. Mortgage Corporation*, 396 F.3d 869, 885-86 (7th Cir. 2005). *See also* *Sanyo Laser*, 214 F.R.D. at 498-500.

Rule 26(c) permits the court to enter a protective order when "justice requires to protect a party or person from annoy-

2

ance, embarrassment, oppression, or undue burden or expense" and upon good cause shown. In determining whether good cause exists, "the court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of disclosure to the nonmoving party." *See* ***Bell v. Woodward Governor Company***, ___F.Supp.2d ___, 2005 WL 289963, at *3 (N.D. Ill. Feb. 7, 2005). The party seeking the protective order bears the burden of showing good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." ***Gulf Oil Company v. Bernard***, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 2201 n.16, 68 L.Ed.2d 693 (1981)(quotation and citation omitted). The breadth of a protective order is within the court's discretion. *See* ***Bell***, 2005 WL 289963, at *3.

The Seventh Circuit has recognized that Rule 26(c) extends to protect a party's privacy interests. *See* ***Citizens First National Bank of Princeton v. Cincinnati Insurance Company***, 178 F.3d 943, 945-46 (7th Cir. 1999). Other federal courts have found that sweeping subpoenas seeking all of the telephone records of a particular party to a civil suit are "overly intrusive and impressive." *See* ***United Transportation Union v. Springfield Terminal Railway Company***, Nos. 87-3442 P, 88-0117 P., 1989 WL 38131, at *3-5 (D. Me. March 18,1989); ***United States v. Friedman***, 638 F. Supp. 816, 818-19 (S.D.N.Y. 1986). *See also* ***Noske v. United States***, Nos. 6-87-399,6-87-400, 1989 WL 252446, at *1 (D. Minn. 1989).

3

The Board's primary argument in support of receiving all of Huckerís telephone records is that these records are necessary to determine the "nature, extent, and duration of any cooperation" between Hucker and the government. (Resp. Brief, ∂13). However, the court cannot see how a request for nearly six years of telephone records for seven area codes possibly can be *reasonably* calculated to lead to discoverable evidence regarding telephone calls made in connection with Hucker's cooperation with the Departments of Justice ("DOJ") and Housing and Urban Development ("HUD").  Although in its response brief the Board offers to narrow its request to only two phone numbers, this request remains overbroad because only a small percentage of the calls made to those numbers will be relevant to this litigation. Harriet Hucker, who is not a party, also may utilize those numbers, and Hucker still has an overriding privacy interest in calls unrelated to this case.  Consequently, the court finds that the subpoenas are overbroad.

However, the Board is entitled to discover Hucker's telephone records to the extent they reveal communication with the government.  In his reply brief, Hucker indicates that he does not object to the production of telephone records reflecting calls made to HUD and DOJ officials. Accordingly, the Board may subpoena records of incoming and outgoing calls made between numbers registered to Hucker and those specific HUD and DOJ numbers.

Finally, the Board shall deliver to counsel for Hucker all copies of telephone records already received or that might be received in the future, as well as any notes containing information obtained from such records. The Board did not object to Hucker's request for these records and notes in its response brief, and so any objections to such are waived.

_____

For the foregoing reasons, the Motion for Protective Order filed by plaintiff, Richard J. Hucker, on July 26, 2005 is **GRANTED IN PART.** The subpoenas to nonparties Verizon, SBC, Indiana Bell Telephone, Nextel Communications, and Cingular Wireless, are hereby **QUASHED.**

ENTERED this 7th day of September, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge