```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


UNITED STATES OF AMERICA         )
                                 )
          Plaintiff              )
                                 )
     and                         )
                                 )
RICHARD J. HUCKER,               )
                                 )
          Plaintiff-Intervenor   )
                                 )
          v.                     )    Case No. 2:04 cv 415
                                 )
LAKE COUNTY BOARD OF             )
COMMISSIONERS; and LAKE COUNTY   )
REDEVELOPMENT COMMISSION,        )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Production of Documents Withheld Because of The Deliberative Process Privilege filed by the defendant, Lake County Board of Commissioners, on January 21, 2006. For the reasons set forth below, this motion is **DENIED,** and sanctions are **AWARDED** against the defendants.

Background

This discovery dispute arises from a Fair Housing Act ("FHA") lawsuit by the United States on behalf of Richard J. Hucker and the estate of Charles R. McInturf and pertaining to the proposed development of the Timbercreek Estates subdivision in the Town of Lake Station. A related case, alleging that Lake Station violated the FHA by denying approval to the project, was

settled pursuant to a consent decree. *See* **United States v. City of Lake Station**, 2:98-CV-478. In this second round of litigation, the United States alleges that Richard Hucker and Charles McInturf were terminated from their positions with the Lake County Redevelopment Commission in retaliation for supporting the Timbercreek project and for assisting the United States during its investigation in the now-settled action against Lake Station.

During the proceedings in this case, the United States sought discovery of, among other information, the substance of a county commissioner's discussions concerning the decision to terminate the employment of Hucker and McInturf. The court concluded that the defendants' assertion of the deliberative process privilege with respect to this information was misplaced. *See* November 21, 2005 Order.  Now, the Lake County Board of Commissioners requests that the court also compel the United States to produce 171 documents previously withheld by the government under the deliberative process privilege.  The Lake County Redevelopment Commission has joined in this motion.

<u>Discussion</u>

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." While the information sought is not limited to that which is admissible at trial, "the proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant." **Alexander v. Federal Bureau of Investi-**

2

*gation*, 186 F.R.D. 154, 159 (D.D.C. 1999).  *See also* ***United States v. Farley***, 11 F.3d 1385, 1390 (7th Cir. 1993)("Since the documents at issue are not relevant to the controversy before us, Farley cannot, as a matter of law, make a showing of need.").

A showing of relevancy alone "is an insufficient reason for breaching the deliberative process privilege." ***Farley***, 11 F.3d at 1390. Once the privilege has been asserted properly, the party seeking disclosure must show a particularized need for the document. *See **Farley,*** 11 F.3d at 1389; ***E.E.O.C. v. Continental Airlines, Inc***. 395 F.Supp.2d. 738, 741-42 (N.D. Ill. 2005); ***Centillion Data Systems, Inc. V. Ameritech Corp***., 193 F.R.D. 550, 552 (S.D. Ind. 1999). This fact-sensitive inquiry requires that the determination of whether the privilege is applicable be made on a document-by-document basis. ***In re Grand Jury Proceedings***, 220 F.3d 568, 571 (7th Cir. 2000); ***In Re Sealed Case***, 121 F.3d 729, 737 (D.C. Cir. 1997). In assessing the application of the privilege, the court weighs the litigant's needs against the government's need to protect the quality of the decision making process, considering:

> (1) the relevance of the documents to the litigation; (2) the availability of other evidence that would serve the same purpose of the as the documents sought; (3) the government's role in the litigation; (4) the seriousness of the litigation and the issues involved in it; and (5) the degree to which the disclosures of the documents sought would hinder frank and independent discussion about governmental policies and decisions. (internal citations omitted)
>
> ***K.L., L.F., and R.B. v. Edgar***, 964 F.Supp.

1206, 1208 - 09 (N.D. Ill. 1997)

See also **Farley**, 11 F.3d at 1390 ("Since the documents at issue are within the scope of the deliberative process privilege, the government could only be required to produce them if Farley made a showing that his need for the documents outweighed the government's interest in not disclosing them.").

The defendants argue that the 171 documents are relevant to determine whether the United States engaged in misconduct during the retaliation investigation and because these documents go to the feasibility of the Timbercreek development, which the defendants say is essential to their defense in this case.  The feasibility argument, which was raised for the first time in reply, is waived. See **Pugel v. Board of Trustees of the University of Illinois**, 378 F.3d 659, 669 (7th Cir. 2004). In any event, the entire reply brief argues the substantive merits of the case, which this court already has stated is reserved for the District Court, and makes little attempt to apply the law pertaining to discovery in general or the deliberative process privilege specifically. See November 21, 2005 Order, p. 8.

The defendants' arguments regarding misconduct suffer from the same deficiencies.  Much of the defendants' opening brief pertains to how other courts have dismissed a plaintiff's case or reduced the damages of a government agency which has engaged in investigatory misconduct. But this is a discovery dispute, not a motion to dismiss or for summary judgment before the District Court. Thus, the defendants must make the relevant showing for

4

overcoming a claim of privilege, not merely argue that they are entitled to win the case. The defendants' failure to make this showing necessitates the denial of this motion.

The defendants have not established the relevancy of or described a particularized need for the 171 documents they seek to compel. See *Farley,* 11 F.3d at 1389. Instead, the defendants argue that all of these documents generically are discoverable because of the alleged misconduct of HUD supervisor Maurice McGough during the investigation of the retaliation complaint. While the court will not take on the task of reviewing all 171 documents absent a proper showing of need, the court notes that few documents in the government's privilege log appear relevant to the retaliation investigation. Rather, the documents regard the environmental review of the Timbercreek development project, communication with HUD's consultant regarding Timbercreek development matters, and documents regarding qualifying developers, grants and funding concerns, to name just a few. These documents appear to have no relationship to the retaliation charge. Rather, they relate to the HUD's initial evaluation of the Timbercreek development itself. The only document specifically mentioned in the defendants' opening brief is an Investigation Milestones memo that the government already has produced.

The defendants' alternative basis for piercing the deliberative process privilege fares no better than their attempt to demonstrate the generic relevancy of 171 documents. The defendants argue that the November 21, 2005 Order denying the defen-

5

dants' use of the privilege constitutes law of the case which also should operate to deny the United States' use of the privilege. Though the defendants have barely developed an argument in support of this notion, they have managed to twist the law of the case doctrine almost beyond recognition.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1380, 1391, 75 L.Ed.2d 318 (1983).  *See also* *Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998)("[W]hen an issue is once litigated and decided, that should be the end of the matter."). Rather than limit the court's power, the doctrine is a "self-imposed prudential limitation." *Gertz v. Robert Welch, Inc*., 680 F.2d 527, 532 (7th Cir. 1982).  Further, because the doctrine is limited to issues already decided, "it is essential to determine what issues were actually decided in order to define what is the 'law of the case.'" *Creek*, 144 F.3d at 445.

The defendants' argument fails to recognize that the single issue decided in the November 11, 2005 Order was whether the deliberative process privilege permitted the defendants to withhold the deposition testimony of County Commissioner Rudy Clay and Lake County Economic Development Department Executive Director Milan Grozdanich. The resolution of that issue bears no relationship whatsoever to the issue of whether any of the 171 documents listed on the United States' privilege log are entitled

6

to deliberative process protection. The defendants' argument amounts to little more than a second attempt at applying the deliberative process privilege on a *quid pro quo* basis. Ironically, if there is any issue in this case that may be subject to the law of the case doctrine, it is that the deliberative process privilege is not applied in such a manner. *See* November 11, 2005 Order, p. 8.

In sum, if Lake County seeks to compel production of any specific document withheld by the United States under the deliberative process privilege, it must show the relevancy of the document, a particularized need for the document, and that the need for it outweighs the government's interest in non-disclosure.

Finally, the defendants have been warned that baseless attempts to seek irrelevant information will result in sanctions. *See* November 9, 2005 Order, p. 6. Federal Rule of Civil Procedure 37(a)(4)(B) provides that if a motion seeking to compel discovery is denied, the court shall award attorneys fees to the opposing party unless the movant's position was substantially justified. Under this Rule, "substantially justified does not mean 'justified to a high degree,' but rather 'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." **Eley v. Herman**, No. 1:04-CV-416, 2005 WL 3115304, at *3 (N.D. Ind. Nov. 21, 2005) (*quoting* **Pierce v. Underwood**, 487 U.S. 522, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The purpose of Rule 37 sanctions is to penalize

7

those whose conduct warrants the sanction and to deter others who may be tempted to engage in similar conduct. *Campbell v. United States Department of Justice*, 209 F.R.D. 272, 274 (D.D.C. 2002)(*citing* *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

This is another example of the "Scortched Earth" policy the defendants have followed during discovery.  The court concludes that the defendants' motion was not substantially justified and that, in light of prior warnings to defendants, imposing sanctions serves the dual goals of Rule 37(a)(4)(B).

_____

For the foregoing reasons, the Motion to Compel Production of Documents Withheld Because of The Deliberative Process Privilege filed by the defendant, Lake County Board of Commissioners, on January 21, 2006 is **DENIED**. The plaintiff is **ORDERED** to file an affidavit of attorneys' fees incurred in response to this motion within 20 days of this Order.

ENTERED this 7th day of April, 2006

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge

8