UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA )
 )
       Plaintiff )
 )
   and )
 )
RICHARD J. HUCKER, )
 )
     Plaintiff-Intervenor )
 )
   v. )  Case No. 2:04 cv 415
 )
LAKE COUNTY BOARD OF )
COMMISSIONERS; and LAKE COUNTY )
REDEVELOPMENT COMMISSION, )
 )
      Defendants )

OPINION AND ORDER

This matter is before the Court on the Motion to Compel to Plaintiff United States of America, United States Department of Justice filed by the defendant, Lake County Redevelopment Commission ("LCRC"), on March 27, 2006. For the reasons set forth below, this motion is **DENIED,** and sanctions are **AWARDED** against LCRC.

Background

This motion arises from a Fair Housing Act ("FHA") action brought by the United States on behalf of Richard J. Hucker and the estate of Charles R. McInturf against the Lake County Board of Commissioners ("LCBC") and the LCRC. The complaint alleges that the defendants violated §818 of the FHA, 42 U.S.C. §3617 (2000), by interfering with and retaliating against Hucker and

McInturf in the exercise or enjoyment of rights granted under §804 of the FHA, 42 U.S.C. §3604 (2000).

LCRC sought discovery of the personnel files of six Housing and Urban Development ("HUD") employees the defendants allege were involved in the investigation of the complaint in this case. The United States objected to the request because the Privacy Act, 5 U.S.C. §552 *et. seq.,* prohibits the release of personal information by a federal agency absent an order from a court of competent jurisdiction, 5 U.S.C. §552a(b)(11) (2000). The United States further asserts that no order should issue because the personnel files are not relevant to this case.

<u>Discussion</u>

The Privacy Act prohibits a federal agency from disclosing certain personal information without an "order of a court of competent jurisdiction." 5 U.S.C. §552a(b)(11) (2000). In determining whether to issue such an order, the usual discovery standards of Federal Rule of Civil Procedure 26(b)(1) apply. *See* **Laxalt v. McClatchy**, 809 F.2d 885, 888 (D.C. Cir 1987). *See also* **Bosaw v. National Treasury Employees' Union**, 887 F.Supp. 1199, 1216 (S.D. Ind. 1995); **Marozsan v. Veterans Administration**, No. S84-500, 1991 WL 441905, at *2-3 (N.D. Ind. June 24, 1999). However, the protections afforded by the Privacy Act are relevant to the manner of discovery. **Laxalt**, 809 F.2d at 889; **Marozsan**, 1991 WL 441905 at *3. Thus, the court's supervisory responsibilities may be greater with respect to information protected by the

Privacy Act than in the usual discovery context. *Marozsan*, 1991 WL 441905 at *3 (*quoting Laxalt*, 809 F.2d at 889).

Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." The district court has broad discretion in determining the scope of discovery. See *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679 (7th Cir. 2002). In reaching this determination, the relevancy of potential discovery should be liberally construed. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Nevertheless, discovery "has ultimate and necessary boundaries." *Oppenheimer Fund*, 437 U.S. at 351, 98 S.Ct. at 2389 (quotation omitted). The relevancy requirement "should not be misapplied so as to allow fishing expeditions in discovery." *Zenith Electronics Corporation v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D. Ill. Jan. 5, 1998).

LCRC first contends that its request is likely to lead to admissible evidence related to possible misconduct by HUD in investigating this matter and the reason for the delay in HUD's final decision to pursue this action. In support of this position, LCRC points to cases in which courts have reduced an award of damages in light of HUD's mismanagement and delay. See *Kelly v. Secretary, United States Department of Housing and Urban Development*, 97 F.3d 118, 120 (6th Cir. 1996); *Baumgardner v. Secretary, United States Department of Housing and Urban Development*, 960 F.2d 572, 583 (6th Cir. 1992).

3

However, defendant's arguments are misplaced. The sufficiency, methodology, and appropriateness of the HUD investigation are not relevant to the plaintiff's claims under the FHA, a point which LCRC's own cases make clear. *See **Kelly**,* 97 F.3d at 120 ("It is not necessary here to repeat the list of HUD's delays and missteps . . ."); ***Baumgardner***, 960 F.2d at 576-77. Instead, the <u>fact</u> of delay, rather than its causes, is what may give rise to a damages mitigation argument by the defendant. *See **Kelly*** 97 F.3d at 120; ***Baumgardner***, 960 F.2d at 576-77. Inquiry into the process leading to the charge of discrimination is inappropriate satellite litigation.

The Northern District of Illinois addressed the same argument made by LCRC here in the context of an EEOC claim in ***Equal Employment Opportunity Commission v. Chicago Miniature Lamp Works***, 526 F.Supp. 974, 975 (N.D. Ill 1981). In that case, the defendant asked the court "to look behind EEOC's express finding of broad-scale discrimination to decide whether EEOC had any reasonable basis for making that finding." ***Chicago Miniature Lamp Works***, 526 F.Supp. at 975. In rejecting this approach, the district court noted that allowing a defendant to challenge the commission's investigatory findings would "deflect the efforts of both the court and the parties from the main purpose of this litigation." ***Chicago Miniature Lamp Works***, 526 F.Supp. at 975. By permitting such an inquiry, the parties would become required to litigate a two-step action: first, the validity of the commission's initial finding, and second, the merits of the case.

4

*Chicago Miniature Lamp Works*, 526 F.Supp. at 975.  In short, the district court held that the defendants' argument was "conceptually and procedurally unsound." *Chicago Miniature Lamp Works*, 526 F.Supp. at 975.

The purpose of this litigation is to determine whether the defendants have violated the FHA.  Allowing the defendants to raise issues of the sufficiency of HUD's decision to bring this action would create the two-step litigation process specifically rejected in *Chicago Miniature Lamp Works* and distract the court and the parties from their purpose. *See* 526 F.Supp. at 975. As the law makes clear, the only relevant issue is the delay itself, which is obvious from the facts of the case.  Because LCRC has not shown any legal basis for its claim that internal irregularities in the investigative process are relevant to the issue of reducing an award of damages, LCRC's first argument fails.

Without any citation to authority, LCRC next contends that the requested documents may lead to information relevant to the credibility of potential witnesses at trial.  When considering discovery for impeachment purposes, the issue is whether disclosure of the information might affect the credibility of a witness' trial testimony. *See Davidson Pipe Company v. Laventhol and Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988).  The testimony of HUD employees is relevant to the United States' claims of interference and retaliation.  LCRC claims the witnesses' personnel files have the potential to affect their credibility regarding their "competence to assess and evaluate Hucker and McIn-

5

turf's claims of retaliation." (Mot. Compel, pg. 7) But this assertion leads inexorably back to LCRC's first argument that HUD investigative mismanagement is a relevant issue in a FHA discrimination case. As noted above, the investigative process of HUD leading to the decision to file this action is not relevant to the court's decision of whether the defendants violated the FHA. Accordingly, this argument fails as well.

In a footnote, LCRC asserts that the "routine use" exception to the Privacy Act entitles the defendants to the HUD personnel files. Uses which fall within this exception are defined by each agency and published in the Federal Register. *Ely v. Department of Justice*, 610 F.Supp. 942, 945 (D.C. Ill. 1985). Defendants point to 63 FR 9007 as authority that records may be released for litigation purposes. However, 63 FR 9007 applies to the Office of Federal Housing Enterprise Oversight ("OFHEO"). OFHEO is an independent entity within HUD concerned with oversight of federal mortgage loan programs, Fannie Mae and Freddie Mac. Therefore, 63 FR 9007 does not apply to the personnel files requested. There is no similar regulation defining routine use under HUD generally. Therefore, defendant's argument is misplaced.

Finally, for the first time in reply and without citation to authority, LCRC asserts that the information contained in the personnel records is essential to its affirmative defenses. LCRC does not specify to which of their 17 affirmative defenses it is referring. The only affirmative defenses that might possibly be affected by information contained in personnel files are those

6

which relate to the delay in the HUD investigation.  These are the Doctrine of Estoppel, the Doctrine of Laches, and the Doctrine of Unclean Hands.  In each of these defenses, the delay of HUD in completing its investigation may work to the defendants' favor.  However, as stated above, the issues involved in each of these defenses is the delay itself, which is apparent from the facts of the case, and not the reasons for the delay or any HUD irregularities.

The defendants previously were warned that baseless attempts to seek irrelevant information will result in sanction.  *See* November 9, 2005 Order, p. 6.  Federal Rule of Civil Procedure 37(a)(4)(B) states that when a motion to compel discovery is denied, the court shall require the moving party to pay attorney's fees to the opposing party unless the motion was substantially justified or an award of expenses would be unjust.  The phrase "substantially justified" means "'justified in substance or in the main' that is, justified to a degree that could satisfy a reasonable person." **Eley v. Herman**, No. 1:04-CV-416, 2005 WL 3115304, at *3 (N.D. Ind. Nov. 21, 2005) (*quoting* **Pierce v. Underwood**, 487 U.S. 522, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)).  The purpose of Rule 37 sanctions is to punish those whose conduct warrants the sanction and to deter others who may be tempted to engage in similar conduct.  **Campbell v. United States Department of Justice**, 209 F.R.D. 272, 274 (D.D.C. 2002) (*citing* **National Hockey League v. Metropolitan Hockey Club, Inc.**, 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

This motion presents yet another attempt by the defendants to shift the court's focus away from the central issue of whether the defendants interfered with and retaliated against Hucker and McInturf in their exercise of Fair Housing Rights. The internal administrative procedures of HUD which led the commencement of this action is not relevant to this central issue. The court concludes that the defendant's motion is not substantially justified and that, in light of repeated warnings, imposing sanctions serves the dual goals of Rule 37(a)(4)(B).

For the foregoing reasons, the Motion to Compel to Plaintiff United States of America, United States Department of Justice filed by Defendant, Lake County Redevelopment Commission on March 27, 2006 is **DENIED,** and sanctions are **AWARDED** against LCRC. The Plaintiff is **ORDERED** to file an affidavit of attorney's fees incurred in response to this motion within 20 days of the Order. The defendants are **WARNED** that further baseless discovery motions will result in heightened sanctions, including the possibility that pleadings will be stricken.

ENTERED this 7th day of June, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge