```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
RICHARD HUCKER,                )
                               )
Intervening Plaintiff,         )
                               )
vs.                            )     NO. 2:04-CV-415
                               )
LAKE COUNTY BOARD OF           )
COMMISSIONERS, et al.,         )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant Lake County Redevelopment Commission's Rule 72(A) Objection to the April 7, 2006 Order of the Magistrate Judge, filed on April 20, 2006; and (2) Objections by Defendant, Lake County Board of Commissioners, to Order of Magistrate Judge Denying Motion to Compel Production of Documents, filed on April 20, 2006.  For the reasons set forth below, the objections are **OVERRULED,** and Magistrate Judge Andrew P. Rodovich's Opinion and Order denying the Motion to Compel filed on January 31, 2006, and award of sanctions against Defendants is **AFFIRMED.** Additionally, Lake County Board of Commissioners' request that the United State's factual assertion be stricken, contained within its objections, is **DENIED** and Lake County Redevelopment Commission's

request for expenses and attorneys fees contained in its objection is **DENIED**.

BACKGROUND

This action involves a claim of retaliatory discharge under the Fair Housing Act ("FHA"). The United States of America ("Government") brought this action on behalf of Richard J. Hucker ("Hucker") and the estate of Charles R. McInturf ("McInturf"), following the Department of Housing & Urban Development's ("HUD") issuance of a reasonable cause determination and charge of discrimination. Hucker and McInturf supported the development of an "affordable" housing development to be called Timber Creek Estates in the Town of Lake Station. There was opposition to the subdivision which HUD found to be racially motivated. Ultimately, Hucker's contract of employment was rescinded and McInturf's position was eliminated. Hucker and McInturf allege that these acts constitute retaliation by the Defendants, Lake County Redevelopment Commission ("LCRC") and Lake County Board of Commissioners ("the Board") for supporting the development. In a separate suit brought by the Government alleging the City of Lake Station violated the FHA by denying approval of the project, the parties reached a settlement by way of a consent decree.

In this action, the Government has raised the deliberative

process privilege with regards to 171 documents.[1]  Defendants argue that the privilege is not appropriately claimed by the Government, and that the documents must be disclosed.  A motion to compel was filed by the Commission on January 31, 2006, and was joined by LCRC on February 3, 2006.  In the motion to compel, Defendants argue that misconduct by HUD is relevant to the ultimate issues in the case, and that as a result of this alleged misconduct, the law of the case doctrine prohibits the Government from claiming the deliberative process privilege.  The motion was fully briefed by the parties. Magistrate Judge Andrew P. Rodovich issued an order denying the motion to compel and imposing sanctions on Defendants on April 7, 2006.

The Board and LCRC each filed objections to the magistrate's order on April 20, 2006.  Those objections are now fully briefed, and are ready for adjudication.

DISCUSSION

The district court's review of any orders on non-dispositive matters made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "the district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate

---

[1] This privilege may have been raised with regards to other documents as well, but no motion to compel was brought with regards to those documents, and the Court therefore need not be concerned with them.  *See* Government's memorandum in opposition to motion to compel, at 8 n. 2.

judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). With that admonishment in mind, this Court has reviewed Magistrate Judge Rodovich's order dated April 7, 2006, as well as the motion to compel, the objections, and responses and replies thereto.

LCRC "objects to the portion of the Order that denies all Defendants documents withheld by the Plaintiff Untied States of America because of the Deliberative Process Privilege and, in particular, those documents withheld pertaining to the feasibility of the Timbercreek project." (LCRC's Objections at 1.) The Board's objections are more specific, and can be summarized as follows: (1) it is not clear whether the magistrate ruled that the documents were not relevant or whether they were protected despite their relevance, (2) that the magistrate erred in refusing to consider the substantive arguments because such must be considered to determine if the requested discovery is relevant, (3)the magistrate erred in determining that the feasibility argument was waived, and (4)that the magistrate erred by applying a different discovery standard to discovery by Defendants than to discovery by the Government. LCRC's objection, although phrased very broadly, appears to be based on the

-4-

same basis' stated by the Board.  (LCRC's objections at 1-3.)

The deliberative process privilege protects the decision-making process of government agencies by exempting from disclosure documents that are a part of the decisionmaking process.  *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993); *Anderson v. Marion County Sheriff's Dep't*, 220 F.R.D. 555, 560 (S.D. Ind. 2004).  The rationale for this privilege is to preserve frank discussion essential to the decisionmaking process.  *Farley*, 11 F.3d at 1389.  The privilege exists "to protect the quality and flow of ideas within a government agency."  *United States v. Bd. of Educ. Of City of Chicago*, 610 F. Supp. 695, 697 (N.D. Ill. 1985).  Such deliberations must be protected because "government, no less than the citizen, needs open but protected channels for the kind of plain talk that is essential to the quality of its functioning."  *Burke v. New York City Police Dep't.*, 115 F.R.D. 220, 231 (S.D.N.Y. 1987).

This Court will first address the Board's objection claiming that it is not clear from the magistrate's order whether the magistrate ruled that the documents were not relevant or whether they were protected despite their relevance.  Magistrate Judge Rodovich noted that, to compel production of the documents which the Government alleges are protected by the deliberative process privilege, "it must show the relevancy of the document, a particularized need for the document, and that the need for it outweighs the government's interest in non-disclosure."  (Order dated April 7, 2006 at 7.)  The order

specifically states that "[t]he defendants have not established the relevancy of or described a particularized need for the 171 documents they seek to compel." (Order dated April 7, 2006 at 5.) Thus, the ruling was based both on the defendants failure to establish relevance and failure to establish a particularized need for the documents. The order is abundantly clear on its face, and this objection is therefore not well founded.

Next, the Board's allegation that the magistrate erred in refusing to consider the parties substantive arguments is considered. Judge Rodovich found that the reply brief argued the substantive merits of the case rather than applying the law pertaining to discovery or the deliberative process. (Order dated April 7, 2006 at 4.) The Board argues that the merits of the Defendants arguments must be considered to determine if the requested discovery is relevant. Even assuming Defendants' legal theory holds water, Defendants failed to show the specific documents sought are relevant. As the magistrate noted, "the determination of whether the privilege is applicable must be made on a document-by-document basis." (Order dated April 7, 2006, at 3, citing *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000); *In re Sealed case*, 121 F.3d 729, 737 (D.C. Cir. 1997)). Defendants simply did not make any effort at all to show the relevance or particularized need for any specific documents. Rather, Defendants sought to compel production of *every* single document which the Government claimed was protected by the deliberative process

privilege.

Additionally, the Board and LCRC both claim that the magistrate erred in determining that Defendant's feasibility argument was waived. The magistrate's order states the following:

> The defendants argue that the 171 documents are relevant to determine whether the United States engaged in misconduct during the retaliation investigation and because these documents go to the feasibility of the Timbercreek development, which the defendants say is essential to their defense in this case. The feasibility argument, which was raised for the first time in reply, is waived.

(Order at 4.)

In its reply brief, LCRC states that:

> [i]t is the contention of Lake County that Hucker's contract was not renewed due to his incompetence, untruthfulness, and inability to work professionally with the Lake County Board of Commissioners and Lake County Redevelopment Commission members. Hucker's support of an infeasible project like TimberCreek is a prime example of this incompetence. Therefore, it is crucial that Lake County obtain any documents relating to HUD's assessment of the feasibility of the TimberCreek project.

(LCRC's reply brief at 4.)

It is conceded by LCRC that this argument was not raised until the reply brief. (LCRC objection, page 16). But, LCRC argues that this argument had been raised in other briefs during different discovery disputes, and that the magistrate should have been aware of it. (LCRC Objection at 16, 18.) The Court is not required to make the parties arguments for them. *Vaughn v. King*, 167 F.3d 347, 354 (7th

Cir. 1999). If it was not important enough to LCRC to include in the motion to compel, then the magistrate is not required to consider it, and the argument is waived.

However, the Defendants also argue that raising the argument in the reply was appropriate because the Government raised it in its response brief. (LCRC objection at 16; Board's objections at 2.) This is a closer call, but one must remember that the burden of establishing relevance rests with Defendants, and Defendants did not sustain that burden here. Even if it was error to summarily dismiss the feasability argument, the magistrate's order is still not clearly erroneous. That is because the magistrate also held that Defendants failed to show a particularized need for the information, and the parties have offered nothing to indicate any error in that respect. Furthermore, with regards to Defendants' argument regarding feasibility, this Court would have gone further than the magistrate did, and found that Defendants' allegations of alleged misconduct simply are not sufficient to justify setting aside the deliberative process privilege.

The Board also argues that the magistrate erred by applying a different discovery standard to discovery by Defendants than to discovery by the Government. To understand this argument requires a little background. During the proceedings in this case, the Government sought discovery of, among other information, the substance of a county commissioner's discussions concerning the decision to terminate

the employment of Hucker and McInturf.  Magistrate Rodovich concluded that Defendants' assertion of the deliberative process privilege with respect to that information was misplaced. (Order dated November 21, 2005.)  Defendants argue that the Government's claim of deliberative process is similar to their earlier claim of deliberative process, but a different standard is being applied to them, and that the law of the case doctrine prevents this.  This is simply not correct.  Defendants, in the words of Judge Rodovich, "have managed to twist the law of the case doctrine almost beyond recognition."  (Order dated April 7, 2006, at 6.)  On November 21, 2005, Magistrate Rodovich determined that the deliberative process privilege did not permit Defendants to withhold the deposition testimony of County Commissioner Rudy Clay and Lake County Economic Development Department Executive Director Milan Grozdanich.  (Order dated November 21, 2005.)  Judge Rodovich correctly found that "[t]he resolution of that issue bears no relationship whatsoever to the issue of whether any of the 171 documents listed on the United States' privilege log are entitled to deliberative process protection." (Order dated April 7, 2006 at 6-7.)

In addition to denying the motion to compel, Magistrate Rodovich sanctioned Defendants for filing the motion, finding that, "defendants' motion was not substantially justified and that, in light of prior warnings to defendants, imposing sanctions serves the dual goals of Rule 37(a)(4)(B)."  Neither party specifically objected to Magistrate Rodovich's award of sanctions, although such an objections

may be implicit.  After due consideration, this Court concludes that the award of sanctions does not constitute clear error under the circumstances of this case.  Accordingly, Defendants' objections are **OVERRULED**.

In its reply brief, the Commission asks this Court to strike factual assertions of the Government that lack proper citation to the record pursuant to Federal Rule of Civil Procedure 12(f).  However, Northern District of Indiana Local Rule 7.1(b) requires that such requests be made by separate motion.  Accordingly, the request is **DENIED**.

And, in the closing paragraph of its objections, LCRC requests expenses and attorneys fees to compensate it as a result of this discovery dispute.  Because this Court finds LCRD's objection untenable, the request is **DENIED**.

**DATED:  July 19, 2006**               **/s/RUDY LOZANO, Judge**
                                        **United States District Court**