**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| RICHARD HUCKER, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:04-CV-415 |
| ) | |
| LAKE COUNTY BOARD OF ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Lake County Redevelopment Commission's Rule 72(A) Objection to the June 7, 2006, Order of the Magistrate Judge, filed on June 19, 2006. For the reasons set forth below, the objection is **OVERRULED**, and Magistrate Judge Andrew P. Rodovich's Opinion and Order denying the Motion to Compel filed on March 27, 2006, and award of sanctions against Lake County Redevelopment Commission is **AFFIRMED**. Additionally, Lake County Redevelopment Commission's request that the United States' factual assertion be stricken, contained within its reply brief, is **DENIED**.

BACKGROUND

The background of this case was summarized in this Court's order regarding related motions, issued on July 19, 2006, and need not be restated here.

During discovery in this action, Lake County Redevelopment Commission ("LCRC"), requested Defendants produce the personnel files of six United States Department of Housing and Urban Development ("HUD") employees. HUD refused, citing to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"). Because the parties concur that the files cannot be disclosed in the absence of a court order, LCRC filed a motion to compel on March 27, 2006. In response to the motion to compel, LCRC argued, among other things, that the personnel files were not relevant and therefore the Court should not order that they be produced. The motion was fully briefed by the parties. Magistrate Rodovich issued an order denying the motion to compel and imposing sanctions on LCRC on June 7, 2006.

LCRC filed an objection to the magistrate's order on June 19, 2006. That objection is now fully briefed, and ready for adjudication.

DISCUSSION

The district court's review of any orders on non-dispositive matters made by the magistrate judge is governed by Rule 72(a) of

-2-

the Federal Rules of Civil Procedure. Rule 72(a) provides that, "the district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  With that admonishment in mind, this Court has reviewed Magistrate Judge Rodovich's order dated June 7, 2006, as well as the motion to compel, the objection, and responses and replies thereto.

As with the previous objection filed by LCRC, the instant objection is quite vague, objecting to the result of the order as a whole rather than taking issue with any particular finding of the magistrate.  LCRC states its objection as follows:

> Specifically, LCRC objects to the portion of the Order that denies the production of the LCRC documents withheld by the Plaintiff Untied States of America because of the Privacy Act. Particularly, those documents withheld pertaining to the personnel files of employees of the Housing and Urban Development ("HUD") office involved in the investigation that gave rise to this litigation.

(LCRC's Objection at 1.)

LCRC claims that the personnel files it seeks are likely to lead to admissible evidence because of possible misconduct by HUD

-3-

in investigating this matter, and because of the delay in HUD's issuance of its final decision. LCRC notes that courts have reduced damages awards due to HUD's mismanagement and delay. *See e.g. Kelly v. Secretary*, 97 F.3d 118, 120-21 (6th Cir. 1997)(reducing an ALJ's award of damages based on HUD's delay in issuing its charge of discrimination); *Baumgardner v. Secretary*, 960 F.2d 572, 583 (6th Cir. 1992)(reducing an award of damages because HUD's mismanagement of the complaint adversely affected the plaintiff's ability to negotiate or conciliate). The magistrate's order states, with regards to these arguments, that:

> [D]efendant's arguments are misplaced. The sufficiency, methodology, and appropriateness of the HUD investigation are not relevant to the plaintiff's claims under the FHA, a point which LCRC's own cases make clear. *See Kelly*, 97 F.3d at 120 ("It is not necessary here to repeat the list of HUD's delays and missteps . . ."); *Baumgardner*, 960 F.2d at 576-77. Instead, the <u>fact</u> of delay, rather than its causes, is what may give rise to a damages mitigation argument by the defendant. *See Kelly*, 97 F.3d at 120; *Baumgardner*, 960 F.2d at 576-77. Inquiry into the process leading to the charge of discrimination is inappropriate satellite litigation.

(Order dated June 7, 2006, at 4.)

The magistrate judge then noted that the Northen District of Illinois had addressed and rejected the same argument in the context of an EEOC claim, citing *Equal Employment Opportunity Commission v. Chicago Miniature Lamp Works*, 526 F. Supp. 974, 975 (N.D. Ill. 1981). The magistrate further stated that:

-4-

> The purpose of this litigation is to determine whether the defendants have violated the FHA. Allowing the defendants to raise issues of the sufficiency of HUD's decision to bring this action would create the two-step litigation process specifically rejected in *Chicago Miniature Lamp Works* and distract the court and the parties from their purpose. *See 526 F. Supp. at 975.* As the law makes clear, the only relevant issue is the delay itself, which is obvious from the facts of the case. Because LCRC has not shown any legal basis for its claim that internal irregularities in the investigative process are relevant to the issue of reducing an award of damages, LCRC's first argument fails.

(Order dated June 7, 2006, at 5.)  LCRC's claims that *Chicago Miniature Lamp Works* is distinguishable because *Chicago Miniature Lamp Works* involved "the validity of the action" but LCRC seeks the discovery "to determine and establish defenses and proper adjudication in to the misconduct exhibited by the delay." (LCRC's Objection at 12.)  LCRC offers nothing to explain why this distinction matters  This Court will not develop the parties arguments for it.  *Vaughan v. King*, 167 F.3d 347, 354 (7th Cir. 1999)("It is not the responsibility of this court to make arguments for the parties.").  Accordingly, this argument must fail.

Magistrate Judge Rodovich also rejected LCRC's argument that the information should be ordered disclosed because it may lead to information relevant to the credibility of potential witnesses at trial.  (Order Dated June 7, 2006, at 5.)  The magistrate correctly noted that the argument, as presented by LCRC, "leads inexorably

back to LCRC's first argument that HUD investigative mismanagement is a relevant issue in a FHA discrimination case" and must also fail.

The magistrate then rejected LCRC's argument that the "routine use" exception to the Privacy Act entitles LCRC to the files. (Order dated June 7, 2006, at 6.)  In its objection LCRC concedes this is correct, although it now claims that it did not intend to argue that the routine use exception actually applied; rather, it was using the exception as an analogy "to establish that entities within HUD have recognized disclosure under certain circumstances." (LCRC's Objection at 7.)  The original motion to compel does not indicate that at all.  (Motion to Compel at 9, n. 2.)  Nonetheless, given the concession that the exception is inapplicable, it need not be further considered.

Lastly, the magistrate rejected LCRC's argument raised for the first time in reply that the records are essential to its affirmative defenses.  The magistrate noted (correctly) that LCRC failed to indicate which of their 17 affirmative defenses the information was essential to, but nonetheless attempted to divine which it might pertain to before rejecting LCRC's argument.  In this respect, the magistrate went above and beyond his obligation in order to give LCRC every benefit of the doubt, yet still the magistrate found no basis for issuing an order that the materials be disclosed.  LCRC's objection offers nothing that would indicate

that the magistrate erred in this respect.

In addition to denying the motion to compel, Magistrate Rodovich sanctioned LCRC for filing the motion, finding that, "defendant's motion is not substantially justified and that, in light of repeated warnings, imposing sanctions serves the dual goals of Rule 37(a)(4)(B)."  (Order dated June 7, 2006, at 8.) LCRC notes that it specifically stated in its motion to compel that, pursuant to its representations to counsel for the Government, it did *not* seek sanctions.  And, it claims "based on the tenor of the conversation, the LCRC believed this to be a reciprocal arrangement and that the United States would also not be seeking sanctions under this Motion to Compel."  (LCRC's Objection at 20.)  LCRC has pointed to nothing that would justify this belief.  And, even if the parties had reached such an agreement, the magistrate was nonetheless entitled to issue sanctions even without Plaintiff's prodding.  In fact, it seems likely that the magistrate would have awarded sanctions even if none had been requested. After due consideration, this Court concludes that the award of sanctions does not constitute clear error.  Accordingly, Defendants' objections are **OVERRULED**.

In its reply brief, the LCRC asks this Court to strike factual assertions of the Government that lack proper citation to the record pursuant to Federal Rule of Civil Procedure 12(f).  However, Northern District of Indiana Local rule 7.1(b) requires that such

-7-

requests be made by separate motion.  Accordingly, the request is **DENIED**.

CONCLUSION

For the reasons set forth above, Defendant Lake County Redevelopment Commission's Rule 72(A) Objection to the June 7, 2006, Order of the Magistrate Judge is **OVERRULED**, and Magistrate Judge Andrew P. Rodovich's Opinion and Order denying the Motion to Compel filed on March 27, 2006, and award of sanctions against defendants is **AFFIRMED**.  Additionally, Lake County Redevelopment Commission's request that the United States' factual assertion be stricken, contained within its reply brief, is **DENIED**.

**DATED:  July 20, 2006**             /s/RUDY LOZANO, Judge
                                      **United States District Court**