```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
RICHARD HUCKER,                )
Intervening Plaintiff,         )
                               )
vs.                            )    NO. 2:04-CV-415
                               )
LAKE COUNTY BOARD OF           )
COMMISSIONERS, et al.,         )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant Lake County Redevelopment Commission's Motion for Judgment on the Pleadings, filed on October 22, 2005; (2) Motion of the United States to Amend Complaint and Memorandum in Support Thereof, filed on November 9, 2005; (3) Lake County Redevelopment Commission's request that Intervening Plaintiff, Richard Hucker's, response to the motion for judgment on the pleadings be stricken, contained in its reply brief filed on November 30, 2005; (4) Hucker's Motion to Strike Argument Made by LCRC in its Reply Memorandum In Support of Motion for Judgment on the Pleadings, filed on December 22, 2005; and (5) Lake County Redevelopment Commission's request, contained in its memorandum of law, for costs and attorney's fees. For the reasons set forth below, Lake County Redevelopment Commission's Motion for Judgment on the

Pleadings is **DENIED**.  The United States' motion to amend the complaint is **GRANTED**.  The United States is **ORDERED** to electronically file the Proposed Amended Complaint within 10 days of the date of this order.  It is **FURTHER ORDERED** that the Proposed Amended Complaint shall relate back to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(2).  Lake County Redevelopment Commission's request that intervening Plaintiff Richard Hucker's response to the motion for judgment on the pleadings be stricken is **DENIED**.  Hucker's motion to strike is **GRANTED** and the argument contained in section "A" of Lake County Redevelopment Commission's reply brief to the motion for judgment on the pleadings is **ORDERED STRICKEN.** Lake County Redevelopment Commission's request for costs and attorney's fees is **DENIED**.

BACKGROUND

This is an action pursuant to section 812(o) of the Fair Housing Act ("FHA"), 42 U.S.C. § 3612(o), in which the United States of America ("Government") seeks damages on behalf of Richard Hucker ("Hucker") and the estate of Charles R. McInturf.  (Compl. ¶ 1.) The Government contends that Hucker and Charles R. McInturf ("McInturf") were retaliated against for exercising rights protected by the FHA. (Compl. ¶¶ 35 & 42.)

According to the complaint, Hucker filed a timely complaint with United States Department of Housing and Urban Development ("HUD") on November 30, 2000, and McInturf filed a timely complaint with HUD on March 6, 2001. (Compl. ¶¶ 7 & 8.)  The secretary of HUD determined that reasonable cause exists to believe discriminatory housing acts had occurred involving both Hucker and McInturf, and issued a Charge of Discrimination as to both complaints on August 18, 2004, charging Defendants with engaging in discriminatory housing practices in violation of the FHA.  (Compl. at ¶ 9.)  On September 3, 2004, Hucker served the parties and HUD with notice of his election to have the charges resolved in a federal civil action, and thereafter the Chief Administrative Law Judge issued a Notice of Election of Judicial Determination stating that Hucker had made a timely election to have the claims asserted in HUD's Charge of Discrimination decided in a civil action.  (Compl. ¶ 10.)  The secretary of HUD authorized the attorney general to bring this action on behalf of Hucker and McInturf.  (Compl. ¶ 11.)

After the Government initiated this action on behalf of Hucker and the estate of McInturf, Hucker promptly filed a motion to intervene, which was granted.  An answer was filed, and Lake County Redevelopment Commission ("LCRC") filed the instant motion for judgment on the pleadings.  In response, the Government seeks to amend its complaint.  And, both Hucker and LCRC seek to strike a portion of the briefs related to these motions.  The instant motions are now

fully briefed and ripe for adjudication.

DISCUSSION

Motion to Amend Complaint

First, this Court addresses the Government's motion to amend its complaint. Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) further provides that leave to amend "shall be freely given when justice so requires." *Id*. Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183); *see also Bethany Pharmacal*

*Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). An amendment is considered "futile" if it would not withstand a motion to dismiss. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). Nevertheless, unless it is clear from the face of the complaint that the amendment would be futile, such that "it appears to a certainty that plaintiff cannot state a claim," the district court should grant leave to amend. *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citing *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 230 (7th Cir. 1995); *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1266 (7th Cir. 1978); *Austin v. House of Vision, Inc.*, 385 F.2d 171, 172 (7th Cir. 1967) (per curiam); *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)).

The Government initially brought suit on behalf of Hucker and the "estate of Charles R. McInturf." (Compl. ¶ 1.) At the time the complaint was filed, the parties agree that an "estate" had not formally been opened in an Indiana court. Although it is the position of the United States that a formal estate is not necessary, in the interests of caution the United States has formally opened an estate and now seeks to amend the complaint to reflect this change. Specifically, the Government seeks to amend its complaint to substitute "Cheryl McInturf, as legal or personal representative of the estate of Charles R. McInturf" for what had previously been

referred to as merely "the estate of Charles R. McInturf." (Proposed Am. Compl. ¶ 1.) The proposed amendments includes a reference to the fact that the estate was opened on June 17, 2005, and replaces McInturf with "the legal or personal representative of Mr. McInturf's estate" as an aggrieved person. (Proposed Am. Compl. ¶¶ 8 and 44.) LCRC objects to this amendment on numerous grounds.

LCRC claims unfair prejudice both because the proposed amendment is untimely and because it is reactive to LCRC's filing of its judgment on the pleadings. LCRC notes that the Government has been on notice of the need to amend the complaint for quite some time. The deadline for amending pleadings in this case was August 31, 2005. Mrs. McInturf was appointed as personal representative for the estate of McInturf on June 17, 2005. Thus, the Government could have sought the proposed amendment prior to the expiration of this Court's deadline for amending the pleadings. But, the Government did not do so. Rather, it waited until LCRC filed a motion for judgment on the pleadings related to the non-existence of the estate. Although the Government's delay is not condoned, leave to amend is to be freely given, and the delay is not so egregious that amendment should be precluded.

LCRC suggests that the United States deliberately named the estate of McInturf, knowing it did not exist, for the purpose of avoiding the statute of limitations concerns, with the expectation that it would substitute the correct party at a later date. But, LCRC

offers nothing to support its accusation of deliberate misconduct on the part of the United States. Furthermore, the proposed amendment does not seek to add a new party, as LCRC suggests. The United States only seeks to correct the description of an aggrieved person. This action was brought on behalf of the United States as the sole plaintiff. Hucker intervened, pursuant to 42 U.S.C. section 3612(o)(2). McInturf (or his estate) has not chosen to intervene. Thus, neither McInturf nor his estate is a party to this action.

LCRC contends that a formal estate is required to maintain the action as to McInturf, and that the proposed amendment would be futile because the estate was not opened within the time permitted by Indiana law.[1] For reasons expanded on in the discussion of LCRC's motion for judgment on the pleadings, this Court finds that the United States is correct in its suggestion that a formal estate is not required, and the failure to create one does not create statute of limitations problems.

Although no formal estate is required, an estate has nonetheless been created. The Government and Hucker both note the estate will

---

[1] LCRC claims the amendment may be futile based on other grounds as well, but chose to reserve the right to raise those arguments later, as opposed to developing them here. This Court will not make LCRC's arguments for it, and possible basis of dismissal that were not developed by LCRC are therefore not considered by this Court. *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999)("It is not the responsibility of this court to make arguments for the parties.").

facilitate receiving and distributing any money that may be recovered by settlement or judgment. Because the Proposed Amended Complaint more accurately reflects the state of things, and because this Court finds Defendants are not prejudiced by the amendment and that the amendment is not futile, the amendment will be permitted.

LCRC also argues that under Federal Rule of Civil Procedure 15(c), the complaint should not relate back because the Government is adding a new party. As already discussed, the Government is not adding a new party. An "estate" existed for purposes of the FHA at the time the original complaint was filed. Therefore, the amendment may relate back to the original complaint.

Motions to Strike

Before this Court can address LCRC's motion for judgment on the pleadings, LCRC's request to strike Hucker's response to the motion for judgment on the pleadings and Hucker's motion to strike an argument in LCRC's reply to the motion for judgment on the pleadings must be addressed.

In its reply brief filed on November 30, 2005, LCRC requests that Richard Hucker's responses to the motion for judgment on the pleadings be stricken. LCRC claims Hucker lacks standing to file this motion, but cites no law to support this theory.[2] Northern District of

---

[2] LCRC later, in its response to Hucker's motion to strike, does offer some argument on this point. And, for reasons set forth below, its argument is unpersuasive.

Indiana Local Rule 7.1(b) requires that such requests be made by separate motion.  LCRC has not filed a separate motion to strike, and its request is therefore **DENIED.**

Hucker moved to strike the argument contained in section "A" of LCRC's reply to its motion for judgment on the pleadings, claiming LCRC has raised a new argument.  In its reply brief, LCRC argues that the United States should be dismissed because "the personal representative has the exclusive right to bring an action on behalf of a decedent's estate and state law applies to this action."  (LCRC's Reply at 2, § "A").  In its reply brief, LCRC notes that the FHA does not specify whether an FHA claim survives the claimant's death, and argues that state law therefore applies.  (*Id.* at 3.)  LCRC's reply brief relies on *Robertson v. Wegman*, 436 U.S. 584 (1978).  In *Robertson*, the plaintiff asserted a claim based on 42 U.S.C. section 1983, but died while the action was pending.  The death was unrelated to the litigation.  Because section 1983 does not address whether such an action survives the death of the plaintiff, the Court looked to 42 U.S.C. section 1988, which instructs the courts to look to state law.

In its initial motion to dismiss, LCRC argues that the action on behalf of the estate of McInturf should be dismissed because the personal representative has the exclusive right to bring an action on behalf of the decedent's estate, relying on *Inlow v. Henderson, Daily, Withrow and Devoe*, 787 N.E.2d 385, 394 (Ind. Ct. App. 2003).  LCRC contends the argument in the reply brief is "not materially different

-9-

from the initial arguments". This Court disagrees. The argument in the reply brief relies on a federal statute, 42 U.S.C. section 1988. There was nothing in LCRC's original motion or memorandum that would have caused the United States or Hucker to address 42 U.S.C. section 1988, as applied in *Robertson*. It is separate and distinct from the argument raised in the initial motion to dismiss. Because LCRC's initial argument did not give sufficient notice to the parties that it intended to raise an argument based on 42 U.S.C. section 1988 and/or *Robertson*, it is waived.[3] *See Aviles v. Cornell Forge Co.*, 183 F.3d 598, 604 (7th Cir. 1999).

Although it earlier failed to offer any argument for why Hucker lacked standing to file a response to the motion for judgment on the pleadings, in its response to Hucker's motion to strike, LCRC offers some argument for why it believes Hucker does not have standing to file the instant motion to strike, but this Court is unpersuaded. LCRC claims that the issues before the Court do not concern Hucker, and are focused on whether the United States should be allowed to proceed on behalf of McInturf. While that is true, LCRC did not so limit the relief it requested in its motion for judgment on the pleadings. LCRC sought "that the Court now bar the Department of Justice and HUD from any further participation in this litigation .

---

[3] Although LCRC correctly points out that the United States did not join in Hucker's motion to strike, that fact is of little import. Even in the absence of a motion from the parties, this Court would nonetheless be free to disregard arguments raised for the first time in the reply brief.

. . ." (Mem. in Supp. of LCRC's Mot. for J. on the Pleadings, at 16.)

LCRC's request for relief is phrased so broadly as to bar the Department of Justice from carrying out its statutory duty to bring a civil action on behalf of Hucker. Thus, Hucker had standing to file not only the motion to strike, but also the response to the motion for judgment on the pleadings. Accordingly, Hucker's motion to strike the argument contained in section "A" of LCRC's reply to its motion for judgment on the pleading is **GRANTED** and the argument is **ORDERED STRICKEN**.

LCRC's Motion for Judgment on the Pleadings

Generally, when a motion to amend a complaint is granted, any pending motion for judgment on the pleadings would be denied as moot. However, under the circumstances of this case, to do so would only serve to delay matters, as the permitted amendment does not in any substantial way alter LCRC's arguments for dismissal. Thus, in the interest of judicial economy, LCRC's arguments are addressed further.

LCRC's motion for judgment on the pleadings is brought pursuant to Federal Rule of Civil Procedure 12(c). Such motions utilize the same standard as applied to motions pursuant to Federal Rule of Civil Procedure 12(b)(6). *Republic Steel Corp. V. Pennsylvanis Engineering Corp.*, 785 F.2d 174, 182 (7th Cir. 1986).

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad*

-11-

*Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case. *Id.*

Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings shall be converted to a summary judgment motion if "matters outside the pleadings are presented to and not excluded by the court . . . ." Fed. R. Civ. P. 12(c). Plaintiff has referenced matters outside the pleadings. Although some of LCRC's

arguments may be more appropriate for summary judgment, the instant motion will not be treated as a summary judgment motion, and matters outside the pleadings will not be considered.

In its motion for judgment on the pleadings, LCRC alleges that, because the complaint was filed on behalf of "the estate of Charles R. McInturf", and (according to LCRC) no such estate existed at the time the complaint was filed, the complaint violates Rule 17(a) of the Federal Rules of Civil Procedure, as it is not brought in the name of the real party in interest.  LCRC also contends that, under Indiana law, the estate must be brought by the personal representative, and the Government's failure to do so requires dismissal.  Lastly, LCRC contends that neither McInturf nor his estate made the necessary election under 42 U.S.C. § 3612, and that the attorney general is therefore not authorized to commence and maintain this action on behalf of McInturf or his estate.  While each of LCRC's arguments pertains to McInturf only, in both its motion and memorandum, LCRC seeks relief much broader than dismissal of the count pertaining to McInturf.  In its motion for judgment on the pleadings, LCRC requests "that the Plaintiff's cause of action be dismissed" as to LCRC. And, in its memorandum, LCRC asks that the Court dismiss the estate of McInturf from the action and bar him from refiling his claim before the administrative agency, and also that the court "bar the Department of Justice and HUD from any further participation in this litigation . . . ."  The scope of the relief sought is puzzling, as LCRC has

-13-

cited to no legal authority that would support such a broad remedy. Nonetheless, because each of LCRC's argument's fails, this Court need not concern itself with the broad scope of the relief sought. Each of LCRC's arguments is now examined in turn.

This Court begins with LCRC contention that neither McInturf nor his estate timely elected to have his claim asserted in Federal Court by the Attorney General, pursuant to 42 U.S.C. sections 3612(a) and 2612(o). It is noted that this argument relies on facts outside the pleadings and is therefore not the proper subject of a motion for judgment on the pleadings. However, the complaint and Proposed Amended Complaint both indicate that Hucker filed a notice of election, and do not state that McInturf also filed a notice of election. (Compl. and Proposed Am. Compl. ¶ 10.)

After a Charge of Discrimination is issued by HUD, the complainant can choose between having the claim heard by an administrative law judge, or have the claim heard in federal court. 42 U.S.C. § 3612(a) and (b). The FHA provides, "When a charge is filed under section 3610 of this title, a complainant, a respondent, or an aggrieved person on whose behalf the complaint was filed, may elect to have *the claims asserted in that charge* decided in a civil action" brought by the United States in United States District Court instead of in an administrative hearing. 42 U.S.C. § 3612(a)(emphasis added). The claims in the charge will be resolved through an administrative hearing only if "*no person* timely elects to have the

-14-

claims asserted in the charge" heard in federal court. 24 C.F.R. § 180.410(b)(3)(2005)(emphasis added). The complaint itself indicates that one charge of discrimination was issued for the Hucker and McInturf complaints. (Compl. ¶ 9 (". . . the Secretary issued *a* Charge of Discrimination as to *both* complaints pursuant to 42 U.S.C. § 3610(g)(2)(A)".) Under the statute, Hucker's election, which is pleaded in the complaint, is all that was required.

LCRC also contends that the United States is not a real party in interest. Federal Rule of Civil Procedure 17(a) provides, in pertinent part that:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator . . . or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States . . . .

Fed. Rule Civ. Pro. 17(a). 42 U.S.C. section 3612(o)(1) provides that:

> If an election is made under subsection (a) of this section, the Secretary shall authorize, and not later than 30 days after the election is made the Attorney General shall commence and maintain a civil action on behalf of the aggrieved person in a United States district court seeking relief under this subsection.

42 U.S.C. § 3612(o). The United States had a statutory obligation to commence this lawsuit in its own name, on behalf of the aggrieved parties. *Id.* Thus, the United Stats *is* a real party in interest.

The last argument LCRC raises in its motion for judgment on the pleadings is that McInturf did not have an estate at the time the complaint was filed, and also failed to open an estate within the time permitted by Indiana law.  First, it is noted that this argument relies upon facts outside the pleadings, and is therefore not the proper subject of a motion for judgment on the pleadings. Nonetheless, the Proposed Amended Complaint includes the fact that "On June 17, 2005, the Porter County Superior/Circuit Court issued an order appointing Mrs. McInturf the personal representative of the estate of her late husband for the sole purpose of prosecuting an action or collecting damages for a violation of the Fair Housing Act." (Proposed Am. Compl. ¶ 8.)

LCRC claims that Plaintiff's action on behalf of the "Estate of McInturf" should be dismissed because the personal representative has the exclusive right to bring an action on behalf of a decedent's estate, and at the time the complaint was filed, the estate of McInturf did not even exist. *See Inlow*, 787 N.E.2d at 394 ("The text, structure and history of Indiana's probate law thus point to the preservation of the personal representative's exclusive authority to maintain suit for any demand due the decedent or his estate."  But, Indiana law does not control where federal law requires the United States to pursue this claim on behalf of the decedent. *See Felder v. Casey*, 487 U.S. 131, 140 (1988)(holding that a state procedural requirement, a notice of tort claim, does not govern a federal

statutory claim based on section 1983); *Illinois v. Life of Mid-Am. Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986)("Where the right asserted is based upon a federal statute, the real party in interest must be determined according to the federal substantive law.").

Furthermore, Indiana's probate code defines "estate" as "the real and personal property of [a] decedent" and does not specifically require a personal representative.  I.C. § 29-1-1-3(a)(9).  And, the personal property of a decedent, under Indiana law, includes "choses in action" such as McInturf's FHA claim.  IC § 29-1-1-3(a)(21).  Thus, McInturf's estate did exist at the time the Government filed the initial complaint in this matter.

Additionally, LCRC claims that the estate must be opened within 18 months, and that McInturf's "estate" was not opened within that time frame.  LCRC cites to I.C. section 34-11-2-7 for the proposition that an 18-month statute of limitation applies here, but this section defines when a 6-year statute of limitations applies.  LCRC has offered no pertinent legal authority that supports this claim.

Because each and every argument offered by LCRC must fail, whether under the original or Proposed Amended Complaint, the motion for judgment on the pleadings is **DENIED**.

LCRC's Request for Costs and Attorney's Fees

LCRC's memorandum includes a request for costs and attorney's fees.  In light of the foregoing, this request is **DENIED**.

CONCLUSION

For the reasons set forth above, LCRC's motion for judgment on the pleadings is **DENIED**.  The United States' motion to amend the complaint is **GRANTED**.  The United States is **ORDERED** to electronically file the Proposed Amended Complaint within 10 days of the date of this order.  It is **FURTHER ORDERED** that the Proposed Amended Complaint shall relate back to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(2).  LCRC's request that Hucker's response to the motion for judgment on the pleadings be stricken is **DENIED**.  Hucker's motion to strike is **GRANTED** and the argument contained in section "A" of LCRC's reply brief to the motion for judgment on the pleadings is **ORDERED STRICKEN**. LCRC's request for costs and attorney's fees is **DENIED**.


**DATED:  July 31, 2006**               **/s/RUDY LOZANO, Judge**
                                        **United States District Court**