```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


UNITED STATES OF AMERICA       )
                               )
          Plaintiff            )
                               )
     and                       )
                               )
RICHARD J. HUCKER,             )
                               )
     Plaintiff-Intervenor      )
                               )
          v.                   )    Case No. 2:04 cv 415
                               )
LAKE COUNTY BOARD OF           )
COMMISSIONERS; and LAKE COUNTY )
REDEVELOPMENT COMMISSION,      )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Joint Motion for Order Requiring In-Person Attendance at Mediation filed by the defendants, Lake County Redevelopment Commission and Lake County Board of Commissioners ("Lake County"), on February 26, 2007. For the reasons set forth below, this motion is **DENIED**.

Background

The United States of America brought this action in October 2004, on behalf of Richard J. Hucker and the estate of Charles McInturf, alleging that Lake County violated the Fair Housing Act when it fired Hucker and McInturf. The complaint alleges that Hucker and McInturf were terminated in retaliation for their support of an affordable housing development to be called Timber Creek Estates in Lake Station, Indiana. The Department of Housing

and Urban Development based the claim on the charge that the project was denied approval on the basis of racial discrimination and that Hucker and McInturf were terminated in retaliation for their support of the project.

Following a protracted pre-trial period, this matter is set for trial beginning June 4, 2007. In addition, the parties are scheduled to attend a May 10, 2007 session with mediator Robert P. Kennedy, which according to Kennedy, shall be attended "by either an attorney or a representative with full settlement authority."

In their motion, the Lake County defendants seek an order requiring that "all parties . . . have all persons with required settlement authority present" at the mediation. Specifically, Lake County asserts that an individual from the United States Department of Justice with the final authority to settle this matter must be compelled to attend the mediation in person. The United States argues that, because settlement authority for the Department of Justice resides with the Assistant Attorney General who oversees a staff of 300 attorneys nationwide, this individual's "attendance" only can be practically accomplished telephonically. Lake County also seeks an order from this court to "ensure that the Open Door Law is not violated" and an order compelling attendance by a representative of the estate of Charles McInturf.

## Discussion

Lake County, in seeking to compel the attendance of "all

2

persons with settlement authority" from all parties, appears to seek greater attendance than is required under the directive of the mediator, who requires representation by "either an attorney or representative with full settlement authority." Though there may be some question whether the mediator requires an *attorney* "with full settlement authority," or if that phrase modifies only the term *representative*, there is no doubt over this court's authority to manage the attendance of parties at mediation. *See* **In re African-American Slave Descendants' Litigation,** 272 F.Supp.2d 755, 759-60 (N.D. Ill. 2003); **In re United States**, 149 F.3d 332, 334 (5th Cir. 1998)(urging the district court to consider telephonic participation for the attorney general rather than personal attendance); **Schwartzman, Inc. v. ACF Industries, Inc.**, 167 F.R.D. 694, 687-699 (D. N.M. 1996)(noting that the court's power to compel attendance derives from "at least three sources."). *See also* **Unites States v. City of Garland, Texas**, 124 F.Supp.2d 442, 444 (N.D. Tex. 2000).

Mediation must be an effort that permits the parties to "confront the dispute, in dialogue [and] participate fully in the attempt to resolve it." **Schwartzman, Inc**. 167 F.R.D. at 699. "Good faith participation of a qualified representative," even if not the absolute settlement authority, is central to full, effective participation. **Schwartzman, Inc**., 167 F.R.D. at 688-699 (*quoting* the 1993 Advisory Committee Notes to Federal Rule of Civil Procedure 16(c))("Particularly in litigation in which governmental agencies or large amounts of money are involved,

3

there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making authority.").

The Department of Justice has indicated that the Assistant Attorney General will be available to participate in this mediation telephonically. Further, there is no indication that the DOJ will attend the mediation in person with an unqualified representative or someone who "serves simply as a courier." *Schwartzman, Inc.*, 167 F.R.D. at 697. There is no apparent obstacle to the conduct of a legitimate and productive mediation. The court further recognizes that, in the event that any party participates in less than good faith, Federal Rule of Civil Procedure 16 provides sufficient means of redress. To the extent the Lake County defendants seek an order compelling the attendance of the Assistant Attorney General, the motion is **DENIED**. *See In re United States*, 149 F.3d at 334 ("[T]he district court should consider alternatively ordering the Attorney General to have the person or persons identified as holding full settlement authority consider settlement in advance of the mediation and be fully prepared and available by telephone to discuss settlement at the time of mediation").

Lake County next seeks an order from this court "to ensure that the Open Door Law is not violated" because Lake County will be "advertising the mediation" at an executive session. The Lake County defendants, who make no reference whatsoever to any

4

provision of Indiana's Open Door Law, do not explain the relationship between an order of this court and Lake County's compliance with the law. I.C. §5-14-1.5-1 *et. seq*.

Indiana's Open Door Law creates a broad framework requiring public access to the meetings of public agencies. I.C. §5-14-1.5-3. The Act exempts "executive sessions" from the requirement of open meetings and further defines "executive sessions" to include meetings held with respect to "litigation that is either pending or has been threatened." I.C. §5-14-1.5-6.1(b)(2)(B); **Gary/Chicago Airport Board Authority v. Maclin**, 772 N.E.2d 463, 468 (Ind. App. 2002).

In light of these features of the Indiana law, it is not clear why the defendants may comply with the Act only if compelled to do so by this court. The defendants have not shown that their good faith participation in the mediation may be accomplished only by an order of this court. To the extent that Lake County seeks an order that compels them "to comply with this court's order and to mediate in good faith," Lake County already is required to do so. No further order is required.

Finally, Lake County seeks an order compelling the attendance at the mediation by a representative of the estate of Charles McInturf. Notwithstanding that the estate of Charles McInturf is represented by the United States in this matter, the parties indicate that such a representative will be in attendance. No reason is given to doubt this assertion.

5

_____

For the foregoing reasons, the Joint Motion for Order Requiring In-Person Attendance at Mediation filed by the defendants, Lake County Redevelopment Commission and Lake County Board of Commissioners ("Lake County"), on February 26, 2007, is **DENIED**.

ENTERED this 19th day of April, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge

6